**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

*************************************************************************

| | |
|---|---|
| IN RE: ) | Bktcy. 21-21934-CMB |
| ) | |
| ANGELICA SUE BOTTI, a/k/a ANGEL ) | Chapter 13 |
| BOTTI, ) | |
| ) | |
| DEBTOR ) | |

*************************************************************************

| | |
|---|---|
| DONALD L. LAMPUS, JR., ) | |
| ) | Adv. No. _____ |
| Plaintiff, ) | |
| ) | Doc. # ____ |
| v. ) | |
| ) | Related Doc. # |
| ANGELICA BOTTI, a/k/a ANGEL ) | |
| BOTTI, and GEMINI BEVERAGE, ) | Hearing Date: |
| LLC, ) | |
| ) | Hearing Time: |
| Defendants. ) | |

*************************************************************************

**NOTICE OF REMOVAL**

COMES NOW the Plaintiff, Donald L. Lampus, Jr., ("Mr. Lampus"), by and through his undersigned counsel, and does file the within Notice of Removal, upon a cause whereof the following is a statement, to wit:

**I.    STATEMENT OF FACTS AUTHORIZING REMOVAL**

    **A.    The State Court Case**

1. Mr. Lampus filed suit against the Debtor, Angelica Sue Botti, a/k/a Angelica Botti, a/k/a Angel Botti ("Debtor"), and Gemini Beverage, LLC ("Gemini") in the Court of Common Pleas of Allegheny County, Pennsylvania (case number GD-21-5345, hereinafter the "State Court Case") on or about May 13, 2021.

2. The State Court Case arises from a business transaction between Mr. Lampus and the Debtor involving Gemini, which operates a beer distributor located on Perry Highway in the North Hills area of Allegheny County, with which Mr. Lampus provided the Debtor assistance in procuring financing for the acquisition and operation of the same.

3. In connection with the foregoing, Mr. Lampus and the Debtor entered into, among other things, an *Assignment of Membership Interest* (the "Assignment"), which was incorporated by reference into Gemini's *Operating Agreement* (the "Operating Agreement," and collectively with the Assignment, the "LLC Documents").

4. The LLC Documents granted Mr. Lampus a ten percent (10%) ownership interest in Gemini in consideration of his agreement to assist Gemini and Debtor with the process of obtaining bank loan financing. Debtor, who was previously the sole owner of Gemini, retained the remaining 90% interest in Gemini.

5. Mr. Lampus's efforts to procure financing for Gemini and Botti were successful, and in January 2021, Gemini obtained a loan in the original principal amount of $400,000.00 (the "Bank Loan") from SSB Bank (the "Bank").

6. Both Mr. Lampus and Debtor were required to personally guarantee Gemini's obligations to the Bank in connection with the Bank Loan.

7. Under the Assignment, upon the occurrence of an event of default in connection with the Bank Loan which remained uncured for a period of thirty (30) days, Debtor was required to relinquish all of her interest in Gemini to Lampus in consideration of his agreement to assume responsibility for the Bank Loan.

8. On or about March 9, 2021, the Bank declared an event of default in connection with the Bank Loan on the basis that Debtor failed to disclose existing or threatened litigation, claims, investigations, administrative proceedings, or similar actions involving her to the Bank as required by the loan documents executed in connection with the Bank Loan.

9. As a result of Debtor's default, the Bank confessed judgment against her in the Court of Common Pleas of Allegheny County in the "face" amount of $399,054.59, said action pending at docket number GD-21-005788 (the "Bank Confessed Judgment").

10. Debtor did not file a petition to open or strike the Bank Confessed Judgment, and the deadline to do so has now passed.

11. After Debtor failed to cure the default on the Bank Loan within thirty (30) days, Mr. Lampus requested that Debtor fulfill her contractual obligation to transfer her interest in Gemini to him, but Debtor refused to do so.

12. Accordingly, Mr. Lampus was forced to commence the State Court Case, wherein he asserted claims for specific performance of the LLC Documents and for injunctive relief.

13. Debtor retained counsel and defended against Mr. Lampus's claims in the State Court Case.

14. A Case Management Order was entered in the State Court Case which set deadlines for, among other things, discovery.

15. Mr. Lampus thereafter served written discovery on the Debtor, to which she refused to respond.

16. Accordingly, Mr. Lampus filed a Motion in the State Court Case requesting that the Debtor be deemed to have admitted various matters in Mr. Lampus's Requests for Admission, and that the Court compel Debtor to respond to Mr. Lampus's other written discovery requests.

17. Debtor filed this bankruptcy case on the eve of the hearings on said Motion, thereby preventing the same from going forward by virtue of the automatic stay.

18. Debtor also took the position that her bankruptcy filing resulted in a stay of proceedings against Gemini.

B. **The Bankruptcy Case**

19. Debtor filed the above-captioned case under Chapter 13 of the United States Bankruptcy Code (the "Bankruptcy Case") on August 31, 2021 ("Petition Date").

20. In her bankruptcy petition (Doc. # 1), Debtor estimated her assets to be worth between $500,000.00 and $1 million, and her liabilities to total between $500,000.00 and $1 million.

21. On September 28, 2021, Debtor filed her bankruptcy schedules. In Schedule A/B (item 19), she scheduled her purported interest in Gemini as an asset of the bankruptcy estate, which she valued at $450,000.00.

22. On her Schedule C, Debtor claimed an exemption in her purported interest in Gemini pursuant to the "wildcard" exemption provided for under 11 U.S.C. § 522(d)(5) in the amount of $450,000.00.[1]

23. Accordingly, Debtor has taken the position that she maintains an interest in Gemini, her purported interest in Gemini is very valuable, her purported interest in Gemini is property of her bankruptcy estate, and that she may claim an exemption therein.

24. As detailed in his pleadings in the State Court Case, Mr. Lampus contends that Debtor has no interest in Gemini per the terms of the LLC Documents, and that he is the rightful owner of the entirety of Gemini's equity.

25. Also included on Schedule A/B are the following:

   a. Forklift, walk-in cooler, pallets, shelving, pallet jack valued at $10,000.00 (line 40) (the "Business Equipment"); and

   b. Beer and tobacco products valued at $53,000.00 (line 41) (the "Business Inventory").

26. Accordingly, Debtor has also taken the position that Gemini's Business Equipment and Business Inventory are somehow her property. See Schedule A/B, lines 40-41.[2]

---

[1] Even ignoring the issue of whether Debtor has any interest in Gemini in which to claim an exemption, this claimed exemption is improper on its face, as it exceeds the maximum available exemption under 11 U.S.C. 522(d)(5) (the "wildcard" exemption) by hundreds of thousands of dollars.

27. No exemption is claimed in the Business Equipment and/or Business Inventory.

28. On October 7, 2021, Debtor filed her Chapter 13 Plan dated October 7, 2021 (the "Plan").

29. The Plan provides for no distribution to unsecured creditors.

30. Accordingly, the State Court Case, at a minimum, relates to the Bankruptcy Case because the outcome of the State Court Case could conceivably have an effect on the bankruptcy estate.  Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d. Cir. 1984).

31. The outcome of the State Court Case will have significant effects on the bankruptcy estate, as it will impact, among other things, whether the Debtor's purported interest in Gemini is property of the bankruptcy estate, whether Debtor may claim an exemption in such purported interest, whether the Plan will meet the requirements for plan confirmation, and whether Debtor's personal guarantee of the Bank Loan (presumably her single largest debt, even though she failed to schedule it) is a valid claim against Debtor and the bankruptcy estate.[3]

32. Accordingly, removal is appropriate under 28 U.S.C. § 1452 ("removal of claims related to bankruptcy cases") as the claims set forth in the State Court Case, at minimum, relate to the Debtor's bankruptcy case, and this court otherwise has jurisdiction under 28 U.S.C. § 1334.

## II.    TIMELINESS

33. Removal is timely under Fed. R. Bankr. P. 9027(a)(2).  The State Court Case was pending when the Bankruptcy Case was filed, and this Notice is being filed within the longest of: i) 90 days after the order for relief in the Bankruptcy Case; ii) 30 days after entry of an order

---

[2] Based on Debtor's testimony at her § 341 meeting, it appears that the inclusion of the Business Equipment and Business Inventory as an asset of the Debtor was in error.  However, as of the date of drafting hereof, Debtor has not filed amended schedules to reflect the foregoing.

[3] As discussed above, if Debtor no longer has any interest in Gemini, Mr. Lampus is required to become solely responsible for the Bank Loan.

terminating the state, if the claim or cause of action has been stayed; and iii) 30 days after a trustee qualifies in a chapter 11 reorganization case, but not later than 180 days after the order for relief.

34. Accordingly, removal is timely.

### III. STATEMENT REGARDING ENTRY OF FINAL ORDERS BY BANKRUPTCY COURT

35. Mr. Lampus consents to entry of final orders or judgments by the Bankruptcy Court.

### IV. COPIES OF PROCESS AND PLEADINGS

36. Copies of the docket and all process and pleadings in the State Court Case are attached hereto as **Exhibit "1."** Given the size of the foregoing, the same have been separated into three parts.

WHEREFORE, Mr. Lampus respectfully file this Notice of Removal, and further, they authorize their counsel to file this pleading on their collective behalf.

Respectfully submitted,

METZ LEWIS BRODMAN MUST O'KEEFE LLC

By: */s/ Roger P. Poorman*
John R. O'Keefe, Jr., Esquire
PA ID No. 36633
Roger P. Poorman, Esquire
PA ID No. 206562
535 Smithfield Street, Suite 800
Pittsburgh, PA  15222
Telephone: (412) 918-1100
jokeefe@metzlewis.com
rpoorman@metzlewis.com
Counsel for Donald L. Lampus, Jr.